## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: **Middle** |
|---|---|

| Name (under which you were convicted): **TYRONE DAVID MOSBY** | Docket or Case No.: **48-2012-CF-011117-0** 6:22-cv-109-WWB-LRH |
|---|---|

| Place of Confinement: **South Bay Correctional Facility** P.O. Box 7171; South Bay, FL 33493 | Prisoner No.: **D.C. C09707** |
|---|---|

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| **TYRONE DAVID MOSBY**     v.     **STATE OF FLORIDA**, | |

| The Attorney General of the State of: Florida, **A. MOODY** |
|---|

### PETITION

1. (a)   Name and location of court that entered the judgment of conviction you are challenging:

   <u>In The Circuit Court of the Ninth Judicial Circuit, In and for Orange County, Florida.</u>

   (b)   Criminal docket or case number (if you know) <u>48-2012-CF-011117-0</u>

2. (a)   Date of the judgment of conviction (if you know): <u>March 15, 2013.</u>

   (b)   Date of sentencing: <u>July 11, 2014.</u>

3.   Length of sentence: <u>Thirty years imprisonment with a ten minimum mandatory Count I, thirty years imprisonment Count II, thirty years imprisonment Count III; twenty years minimum mandatory imprisonment Count IV; fifteen years imprisonment Count V; fifteen years imprisonment Count VI and thirty years imprisonment Count VII</u>.

4.   In this case, were you convicted more than one count or of more than one crime?[] Yes [XX] No

5.   Identify all crimes of which you were convicted and sentenced in this case: <u>Count I Armed Burglary with a firearm; Count II Attempted Felony Murder with a Weapon; Count III Attempted Felony Murder; Count IV Aggravated Assault with a Firearm; Count V Shooting From A Vehicle; Count VI Shooting at, within, or into a Occupied Vehcile; and Count VII Aggravated Battery with a Firearm Causing Great Bodily Harm.</u>

6.   What was your plea?

   **[XX]** (1) Not guilty          [ ] (3) Nolo Contendere (no contest)

   [ ] (2) Guilty               [ ] (4) Insanity plea

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or

   charge, what did you pled guilty to and what did you plea not guilty too? <u>N/A</u>

   (c) If you went to trial, what kind of trial did you have? (Check one)

      **[XX]**Jury     Judge only [ ]

7. Did you testify at trial?

   Yes [] No **[XX]**

8. Did you appeal from the judgment of conviction?

       Yes [XX] No [ ]

9. If you did appeal, answer the following:

       (a) Name of court: <u>Fifth District Court of Appeal</u>

       (b) Docket or case number (if you know): <u>5D14-2825</u>

       (c) Result: <u>Affirmed in part; Reversed in part; Remanded</u>

       (d) Date of result and citation, if known: <u>July 1, 2016.</u>

       (e) Citation to the case (if you know) <u>Mosby v. State, 197 So. 3d 1146 (Fla. 5th DCA 2016).</u>

       (f) Grounds raised: <u>**1) The Trial Court Erred In Denying The Motion For New Trial Based On Several Brady Violations; 2) The Trial Court Erred In Holding That Haliburton Prohibits Comments On The State's Failure To Call A Witness Thereby Requiring The Defense To Call That Witness For A Full Presentation Of The Facts; 3) Petitioner Was Denied The Right To Assistance Of Counsel When The Trial Court Limited Counsel's Final Argument On The Theory Of The Defense; 4) The Trial Court Erred In Finding The Petitioner Competent To Proceed To Sentencing Because The Experts Based Their Findings On The Incorrect Standard, Finding Defendant Competent To Proceed To Sentencing; And 5) The Trial Court Erred By Denting Petitioner's Motion To Correct Sentence.**</u>

       (g) Did you seek further review by a higher state court?   [] Yes   <u>[XX] No</u>

       If yes, answer the following:
             (1) Docket or case number (if you know): <u>N/A</u>
             (2) Result: <u>N/A</u>
             (3) Date of the case (if you know) <u>N/A</u>
             (4) Citation to the case (If you know): <u>N/A</u>

       (e) If you sought further review of the decision on appeal by a higher state court, please answer the following? [] Yes   <u>[XX] No</u>

       (h) Did you file a petition for certiorari in the United States Supreme Court? [] Yes  <u>No [XX]</u>

           If yes, answer the following: <u>N/A</u>
           (1) Docket or case number (if you know): <u>N/A</u>
           (2) Result: <u>N/A</u>
           (3) Date of the case (if you know) <u>N/A</u>
           (4) Citation to the case (If you know): <u>N/A</u>

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

       <u>Yes [XX]</u> No [ ]

11. If your answer to Question 10 was "Yes," give the following information:

       (a)      (1) Name of court: <u>the Ninth Judicial Circuit, In and for Orange County, Florida</u>

              (2) Docket or case number (if you know): <u>48-2012-CF-011117-0</u>

              (3) Date of filing (if you know): <u>April 26, 2017.</u>

              (4) Nature of proceeding: <u>3.850 motion for post conviction relief.</u>

(5) Grounds raised: (1) <u>**Defense Counsel Rendered Ineffective Assistance By Failing To Seek A Retroactive Competency Determination**</u> (2) <u>**Defense Counsel Rendered Ineffective Assistance In Giving Misleading Advice To Petitioner To Forgo Testifying**</u> (3) <u>**Defense Counsel Rendered Ineffective Assistance by Failing To Argue That The Consolidation Of Charges Created A Pyramid Of Evidence That Denied Petitioner's Right**</u>

**To A Fair Trial (4) Defense Counsel Rendered Ineffective Assistance For Failing To Argue The Armed Burglary Of Dwelling With A Firearm As Unlawful Based On Petitioner's Being Charged With Violating The Previous Statutory Language Of Section 810.02 (5) Defense Counsel Rendered Ineffective Assistance By Failing To File A Motion To Dismiss The Information Due To Charging A Nonexistent Crime (6) Defense Counsel Rendered Ineffective Assistance By Failure To Request A Trespassing Instruction As A Permissive Lesser Included Offense (7) Defense Counsel Rendered Ineffective Assistance For Failing To File A Motion To Suppress Identification Where The Photo Lineup Was Tainted And Highly Suggestive Towards Petitioner (8) Defense Counsel Rendered Ineffective Assistance By Failing To Call A Defense Witness That Would Have Cast Doubt On State's Case As Presented By The Witness Chester Joseph (9) ) Defense Counsel Rendered Ineffective Assistance Where The Cumulative Effect Of Counsel's Errors Deprived Petitioner Of A Fair Trial And His Conviction And Sentence Were Obtained In Violation Of The Sixth And Fourteenth Amendments To The United States Constitution As Well As Article I, Section Nine And Sixteen Of The Florida Constitution. (10) January 9, 2018 Ground (9) Defense Counsel Rendered Ineffective Assistance Where Counsel Failed To Argue In Closing That No Evidence Proved He Was In Actual Possession Of The Firearm. (11) January 9, 2018 Ground (10) Defense Counsel Rendered Ineffective Assistance Where Failed To Argue On Judgment Of Acquittal That The State's Evidence Was Insufficient Absent An Improper Pyramiding Of The Evidence.**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes **[XX]** No []

       (7) Result: <u>denied</u>

       (8) Date of result (if you know): _____

   (b) If you filed any second petition, application, or motion give the same information:

    (1) Name of court: <u>District Court of Appeal of the State of Florida Fifth District.</u>

       (2) Docket or case number (if you remember): <u>5D20-896</u>

       (3) Date of filing (if you know):<u>February 16, 2021</u>

       (4) Nature of proceeding: <u>appeal from the Circuit Court of the Ninth Judicial Circuit of Florida in and for Orange County Florida.</u>

(5) Ground(s) raised: <u>Defense Counsel Rendered Ineffective Assistance By Failing To Seek A Retroactive Competency Determination (2) Defense Counsel Rendered Ineffective Assistance In Giving Misleading Advice To Petitioner To Forgo Testifying (3) Defense Counsel Rendered Ineffective Assistance by Failing To Argue That The Consolidation Of Charges Created A Pyramid Of Evidence That Denied Petitioner's Right To A Fair Trial (4) Defense Counsel Rendered Ineffective Assistance For Failing To Argue The Armed Burglary Of Dwelling With A Firearm As Unlawful Based On Petitioner's Being Charged With Violating The Previous Statutory Language Of Section 810.02 (5) Defense Counsel Rendered Ineffective Assistance By Failing To File A Motion To Dismiss The Information Due To Charging A Nonexistent Crime (6) Defense Counsel Rendered Ineffective Assistance By Failure To Request A Trespassing Instruction As A Permissive Lesser Included Offense (7) Defense Counsel Rendered Ineffective Assistance For Failing To File A Motion To Suppress Identification Where The Photo Lineup Was Tainted And Highly Suggestive Towards Petitioner (8) Defense Counsel Rendered Ineffective Assistance By Failing To Call A Defense Witness That Would Have Cast Doubt On State's Case As Presented By The Witness Chester Joseph (9) ) Defense Counsel Rendered Ineffective Assistance Where The Cumulative Effect Of Counsel's Errors Deprived Petitioner Of A Fair Trial And His Conviction And Sentence Were Obtained In Violation Of The Sixth And Fourteenth Amendments To The United States Constitution As Well As Article I, Section Nine And Sixteen Of The Florida Constitution.</u>

       (6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes [ ] No **[XX]**

3

(7) Result: <u>Denied</u>.

(8) Date of result (if you know): _____ <u>Mandate Issues September 22, 2021.</u>

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion.

| | | |
|---|---|---|
| (1) First petition: | <u>Yes [XX]</u> | No [ ] |
| (2) Second petition: | <u>Yes [XX]</u> | No [ ] |
| (3) Third petition: | <u>Yes [XX]</u> | No [ ] |

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: <u>N/A</u>

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

<u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

**GROUND ONE: The Trial Court Erred In Denying The Motion For New Trial Based On Several Brady Violations.**

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

In the case at bar, Petitioner documented several Brady violations committed by the prosecution. A full hearing was held on the first set of violations. A limited hearing was held on the second. Trial counsel argued she was stifled in her presentation to the trial court because she was barred from uncovering the full story behind the violations. As a result, the trial court was unable to fully consider the evidence.

The State suppressed Amon Mitchell's recorded statements, Joseph's recorded interview, racketeering co-defendant's statement, and a video showing the vehicle involved in the shooting.

**Amon Mitchell's recorded statements,** which shows Joseph cooperated with Amon and they identified another person as the shooter. This exculpatory and impeaching evidence is direct evidence implicating another person committing the crime for which was charged. The undisclosed statements would have undermined Joseph's credibility. Joseph was the only person who identified Petitioner as the driver of the vehicle involved in the incident. There was no physical evidence linking Petitioner to the shooting. The defense had a right to cross-examine Joseph whether he assisted officers in the identification of someone other than Petitioner as the shooter. This became a feature of the State's case throughout trial. At trial, Joseph testified the he did not identify anyone other than Petitioner as the shooter. Likewise, the lead investigator testified Joseph did not identify anyone else as the shooter. The prosecutor emphasized this fact during closing argument. (T. 429, 660-663, 666-667).

**Joseph's recorded interview,** Joseph recorded interview contained four types of favorable material (1) exculpatory, (2) impeaching, (3) witness coaching, and (4) a tacit agreement among Joseph and the officers. Amon's statements occurred during Joseph's recorded statement. Thus, the interview contained exculpatory material, as stated above, because it is direct evidence implicating another person committing the crime for which Petitioner was charged. Joseph's interview also contained witness coaching and the fact that Joseph received favorable treatment for his testimony.

The interview contained critical impeachment material that contradicted Joseph's trial testimony in several parts. The interview established that the officers coached Joesph's testimony. The interview established a tacit agreement among Joseph and the officers. Both Amon's and Joseph's recorded statement were not discovered until after trial.

4

**Racketeering co-defendant's statement** The co-defendant's racketeering case was in the vehicle involved in the shooting on the day of the incident. In his statement, he identified someone else as the shooter and the driver. Petitioner was not present in the vehicle. The statement was not recorded and trial counsel was prohibited from speaking to anyone about the witness to find out if he had more information.

**Video showing the vehicle involved in the shooting:** The video showed the co-defednant enter the vehicle involved in the shooting on the afternoon of the incident. The video established someone else other than Petitioner drove the vehicle two hours before the shooting. Therefore, the video constituted both exculpatory and impeaching evidence. The State willfully or inadvertently suppressed the evidence.

This was in fact prejudice. The defense's theory was misidentification. There was only one issue to consider in this case; the shooter's identity. (T. 655-656). In committing this Brady violation, the trial court denied Petitioner access to the court and his right to counsel. Petitioner's trial counsel testified he would have absolutely used the interviews to impeach Joseph at trial. The suppression of evidence severely compromised Petitioner's right to a fair trial. Therefore, The State court's adjudication resulted in a decision that was contrary to and involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. Their decision was also based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*THIS CLAIM WAS SUMMARILY DENIED IN STATE COURT AN EVIDENTIARY HEARING IS REQUESTED*

> **GROUND TWO: The Trial Court Erred In Holding That Haliburton Prohibits Comments On The State's Failure To Call A Witness Thereby Requiring The Defense To Call That Witness For A Full Presentation Of The Facts.**

Supporting facts: (Do not argue or cite law. Just state the specific facts that support your claim.):

During trial the State presented its case through many witnesses, but did not call Anderson, who was listed on the State's witness list. Joseph confided in Anderson inconsistent descriptions of the shooter. The defense called Anderson to present a complete presentation of the facts. Before closing argument, trial counsel advised the trial court he intended to argue the State was tailoring the evidence by not calling Anderson. The trial court prohibited trial counsel from making the argument, which went as follows: *You can comment on the lack of evidence, but you cannot call-comment- I think what Haliburton says, is you cannot comment on one side's failure to call a witness when that witness is equally available to both the State and the Defense. You can comment on lack of evidence, but not on failing to call a witness that is equally available. So I'm going to not permit you to make that argument.* (T. 652-653). The trial court erred in this ruling because she applied the incorrect standard. Therefore, The State court's adjudication resulted in a decision that was contrary to and involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. Their decision was also based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*THIS CLAIM WAS SUMMARILY DENIED IN STATE COURT EVIDENTIARY HEARING IS REQUESTED.*

> **GROUND THREE: Petitioner Was Denied The Right To Assistance Of Counsel When The Trial Court Limited Counsel's Final Argument On The Theory Of The Defense.**

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The trial court abused its discretion when it limited defense counsel's argument in such a way as to prevent him from presenting his theory of the case to the jury. Petitioner had a fundamental right under the Sixth Amendment to present his theory of the case in closing arguments. The prosecutor objected to facts not in evidence after trial counsel made the following argument: *Now, Mr. Joseph – let's go over one more time what we know*

5

*about this case. Mr. Joseph has admitted to being involved in a high-speed car chase. Shots were fired during that high-speed car chase, and Mr. Joseph came back to his house and didn't call the police. Mr. Joseph acted like a guilty person in this case. You have enough evidence in front of you to believe that Mr. Joseph was one who shot Danielle Sampson.* (T.679-680).

Although this argument was consistent with the evidence at trial, the trial court sustained the prosecutor's objection. First, Anderson testified that Joseph fired back at the vehicle (T. 570, 585-586). Second, Joseph arguably, acted like a person, when he: repeatedly lied to police and did not contact the police after the burglary and shooting, stated that he did not want the police to search his house, and lied on the stand that his roommate did not sell drugs out of the house.

This evidence was admissible and relevant to the issue of who the victim. By preventing Petitioner from arguing that Joseph shot Sampson, the trial court denied Petitioner the opportunity to participate fully and fairly in the adversary fact finding process.

The trial court abused its discretion to preclude this argument at closing and violated Petitioner's right to assistance of counsel and right to present a defense. Therefore, The State court's adjudication resulted in a decision that was contrary to and involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. Their decision was also based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

***THIS CLAIM WAS SUMMARILY DENIED IN STATE COURT AND EVIDENTIARY HEARING IS REQUESTED***

**GROUND FOUR: The Trial Court Erred In Finding The Petitioner Competent To Proceed To Sentencing Because The Experts Based Their Findings On The Incorrect Standard; Finding Petitioner Competent To Proceed To Sentencing.**

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

A Petitioner has a due process right to be competent when sentenced. In Florida a person accused of an offense who is mentally incompetent to proceed at any material stage of a criminal proceeding shall not be proceeded against while incompetent.

In the case at bar, the expert found Petitioner incompetent to proceed to trial, but competent to proceed to sentencing. The experts reached this inconsistent result by applying a lesser competency standard to proceed to sentencing i.e. created two different competency standards. The trial court accepted the opinion of the experts. This was error.

In the instant case, each expert explained that sentencing requires a lesser level of mental competence than set by the United State Supreme Court standard *in Dusky v. United States*, 362 U.S. 402, 80 S. Ct. 788, (1960). There is no legal support for this lesser standard.

Petitioner also avers that even if the experts applied the right standard, the State was barred from pursuing inconsistent positions. Inexplicably, the State continued to pursue criminal proceedings against Petitioner despite knowing he was incompetent. Therefore, the Petitioner's due process right was violated, because he has a due process right to be competent when sentenced, but was already found incompetent. The trial court abused its discretion to preclude this argument at closing and violated Petitioner's right to assistance of counsel and right to present a defense.

Therefore, The State court's adjudication resulted in a decision that was contrary to and involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. Their decision was also based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*THIS CLAIM WAS SUMMARILY DENIED IN STATE COURT AND EVIDENTIARY HEARING IS REQUESTED*

> **GROUND FIVE: Defense Counsel Rendered Ineffective Assistance By Failing To Seek A Retroactive Competency Determination.** (Ground Five was Ground One of Petitioner's 3.850)

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Subsequent to Petitioner's trial he was evaluated by three experts to assess his competence to proceed to sentencing. Petitioner was evaluated by Dr. Jacquelyn Olander, Dr. Jeffrey Danziger, and Dr. Randy Otto.

On April 9, 2013, Dr. Jacquelyn Olander evaluated Petitioner and reviewed school records by Dr. Ming. Dr. Olander evaluation of the Petitioner was consistent with Petitioner's school records and evaluation by Dr. Ming. It was opined that Petitioner had impaired abilities relating to reasoning and appreciation of his circumstances, he didn't appreciate his legal circumstances, and Petitioner did not possess abstract reasoning abilities and Petitioner's capacity to disclose relevant facts in assisting defense counsel to be impaired. Dr. Olander did conclude that Petitioner was competent to proceed to sentencing, but he was not competent to proceed to trial due his cognitive defects.

On July 11, 2013, Dr. Jeffrey Danziger evaluated Petitioner and concluded that Petitioner functioned well below average intellectually. This same doctor previously found Petitioner incompetent to proceed to trial on a Orange County Circuit Court case number 2012-CF-13929-V-0 and when he was sixteen.

Dr. Randy Otto evaluated Petitioner and found Petitioner has significant intellectual deficits. Dr. Otto also reviewed Petitioner's school records as well as other expert reports and concluded that the result of the test he administered to him were consistent with his school records and other expert reports. He found that Petitioner was not malingering, on the test that measured intellectual ability. Dr. Otto also found that Petitioner demonstrated a basic understanding of the charges that resulted in his March trial, the underlying allegations that he was convicted and the penalties that attach as a result. However, his understanding of the legal process is significantly limited at this time and was similarly limited at and around the time he went to trial since the basic for these limitations (i.e. intellectual deficits) are and unchanging over time. Dr. Otto also held that Petitioner ability to consult with counsel and make self interested, rational decisions regarding his legal situation is limited at this time and was similarly limited at and around the time he went to trial given the basis for these limitations. (i. e. intellectual deficits that are static and unchanging over time." Dr. Otto also concluded that Petitioner was competent to proceed to sentencing, but expressed significant reservations concerning his competence to proceed to trial.

Petitioner avers that despite the opinions of three experts raising real, substantial and legitimate doubts as to the Petitioner's competence at the time of his trial, defense counsel did not seek retroactive competence determination.

*Evidentiary hearing:*

On February 11, 2020, the lower court had an evidentiary hearing concerning this claim. During direct examination of Petitioner by Mr. Davis the Petitioner testified that Mr. Blake did not explain to him the process of incompetency (Evidentiary Hearing Transcripts pg, 5). Not until after the trial was the Petitioner evaluated (Evidentiary Hearing Transcripts pg, 7). Another attorney Michelle Yard ordered the evaluation. When asked was competency a major issue in the past the Petitioner said yes and that he was adjudicated incompetent in the past (Evidentiary Hearing Transcripts pg, 14).

During direct Examination by Ms Drane Burdick of Justin Bleakley state witness, Justin Bleakley testified that there was a lack of back and forth with the Petitioner and the Petitioner was not able to go in depth (Evidentiary Hearing Transcripts pg, 62, 81-83); and Petitioner had an inability to understand (Evidentiary Hearing Transcripts pg, 84). Justin Bleakley admitted that the Petitioner would not have been a great witness based upon his inability to communicate (Evidentiary Hearing Transcripts pg, 67). Justin Bleakley further testified that he did not appropriately investigate if the Petitioner properly understood (Evidentiary Hearing Transcripts pg, 71). Justin Bleakley also

7

testified that a social worker raised some concerns with his supervisor about the Petitioner's competency. Mr. Bleakley's supervisor than told him that Petitioner had been found incompetent to proceed before. Mr. Bleakley still admitted he never investigated the Petitioner's competency and was later taken off the case (Evidentiary Hearing Transcripts pg, 77). He admitted to see physical documents during the evidentiary hearing of evaluations that found Petitioner incompetent (Evidentiary Hearing Transcripts pg, 78-79). Counsel even recognized that when Petitioner spoke with others he still was not forth coming, but maintained the same inability to communicate (Evidentiary Hearing Transcripts pg, 86).

It is apparent from the record that counsel made clear that Petitioner had an inability to sufficiently present an ability to consult with counsel with a reasonable degree of rational understanding or rational, as well as factual, understanding of the pending proceedings. The record also shows that not until after the trial was the Petitioner evaluated (Evidentiary Hearing Transcripts pg, 7). Another attorney Michelle Yard ordered the evaluation, which means that there were specific facts showing that a reasonably competent attorney would have questioned competence to proceed.

Counsel's performance was deficient in that counsel failed to seek retroactive determination of his competence at the time of trial. This in fact prejudice the Petitioner because there is a reasonable probability that a psychological evaluation would have revealed that he was incompetent to stand trial.

Therefore, The State court's adjudication resulted in a decision that was contrary to and involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. Their decision was also based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*THIS CLAIM WAS SUMMARILY DENIED IN STATE COURT AND EVIDENTIARY HEARING IS REQUESTED*

**GROUND SIX: Defense Counsel Rendered Ineffective Assistance In Giving Misleading Advice To Petitioner To Forgo Testifying. (Ground Six was Ground Two of Petitioner's 3.850)**

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

At the close of the prosecution's case, Petitioner's trial counsels mislead Petitioner to waive his right to testify. Petitioner avers that given the weakness of the State's case, this advice was unreasonable because Petitioner testimony was the only evidence that could have undermined key elements of the prosecution's case.

Petitioner alleged that counsel advised him that the state would bring up prior felonies, and discriminating his testimony. By that statement alone mislead the Petitioner under the impression that the State was going to bring up the felonies of Petitioner's priors, including his acquitted charges, which was the cause of the Petitioner's refusal to testify.

Petitioner avers that had he been properly instructed and advised of his testifying, he would have testified that on the date of the alleged crime, he was at his friend's mom, Tony Robert's house with Shania Roberts, and that he spent the entire day there. Therefore, counsel's advice even if voluntarily followed, was deficient.

*Prejudice*:

Petitioner asserts that but for counsel's deficient performance there is a reasonable probability that the result of the proceeding would have been different, to wit: had Petitioner been properly advised by counsel to testify, he would have negated key elements of the prosecution's case. The prosecution's case was far from overwhelming; indeed, the State's evidence could justly be characterized as weak.

*Evidentiary hearing*:

On February 11, 2020, the lower court had an evidentiary hearing concerning this claim. During direct examination of Petitioner by Mr. Davis the Petitioner testified that he did not testify because counsel told him not to testify (Evidentiary Hearing Transcripts pg. 16, 44). Petitioner further testified that counsel told him that testifying would bring out his past history (Evidentiary Hearing Transcripts pg. 17). During cross examination by Ms Drane

8

Burdick Petitioner testified that he told counsel that he wanted to testify; "*At the time I was at Ms. Tonya Robert's house with her daughter, Shania Roberts. We were sitting in the carport talking and that you weren't anywhere near where Ms. Sampson was shot.* (Evidentiary Hearing Transcripts pg. 41-42).

During direct examination by Ms Drane Burdick of state witness Justin Bleakley, Justin Bleakley testified that he didn't think that the Petitioner needed to testify in order to be not found guilty based upon the State's evidence that had been presented so far (Evidentiary Hearing Transcripts pg. 66). Justin Bleakley testified that Based upon Tonya Roberts statement he *did not believe she could testify to anything useful in court because, if she did, she'd be impeached by the statement. And is she testified consistent with the statement, it wouldn't be useful to us* (Evidentiary Hearing Transcripts pg. 60). Understanding that there is no other witness to testify about the Petitioner's whereabouts during the time of the crime, is apparent from the face of the record that counsel misadvise to Petitioner was unreasonable.

Therefore, The State court's adjudication resulted in a decision that was contrary to and involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. Their decision was also based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*THIS CLAIM WAS SUMMARILY DENIED IN STATE COURT EVIDENTIARY HEARING IS REQUESTED*

> ### GROUND SEVEN: Defense Counsel Rendered Ineffective Assistance by Failing To Argue That The Consolidation Of Charges Created A Pyramid Of Evidence That Denied Petitioner's Right To A Fair Trial. (Ground Seven was Ground Three of Petitioner's 3.850)

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On July 29, 2012, the State of Florida charged the Petitioner by information with eight counts of criminal violation. The offenses happened in two completely different locations against two different victims and the only similar fact was Petitioner was the accused. The trial court joined all offenses together and it constituted error by denying Petitioner a fair trial. The first victim Chester Joseph testified that on the 29th day of July, 2012, when he arrived at his dwelling at 4414 Robbins Ave,., he found Petitioner backed in his driveway sitting in a SUV and later learned that his house had been burglarized. Joseph also stated at trial that Petitioner was in possession of a firearm and assaulted him with it. There was evidence of shell casings found at the scene but forensic failed to prove that they belonged to Petitioner. Later on the 29th day of 2012, in a totally different incident, witnesses stated that Petitioner committed battery upon, Danielle Sampson that caused great bodily harm, permanent disfigurement and a permanent disability while in the commission of an offense while using a firearm to do so.

The jury viewed all surrounding evidence from each of the criminal violations and it had effect of prejudicing the mind of the jurors towards Petitioner's guilt. The State merged all evidence from each criminal violation surrounding both victims in order to build an improper pyramid of evidence.

The State's justification for consolidating the charges was for convenience and preservation of the courts valuable resources. However, practically and efficiency cannot outweigh Petitioner's right to fair trial. The danger in improper consolidation lies in the fact that evidence relating to each of the crimes bolstered the proof of the other.

The only common denominator between count One, Two, Three, Four, Six, and Seven is Petitioner is the accused. Counts One, Two, Four, Five and Six, happened to victim #1 Chester Joseph at 4414 Robbins Ave. Whereas Counts Three, and Seven was committed against victim #2 Ms. Danielle Sampson and it happened at a different location on Powers Drive.

Petitioner was prejudice by defense counsel's failure to disclose to the court that the State's consolidation of the charges was done only to build a pyramid of evidence which prejudiced Petitioner's defense, and had the effect of denying Petitioner of a fairs trial. Therefore, The State court's adjudication resulted in a decision that was contrary to and involved an unreasonable application of clearly established federal law, as determined by the

Supreme Court of the United States. Their decision was also based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

***THIS CLAIM WAS SUMMARILY DENIED IN STATE COURT EVIDENTIARY HEARING IS REQUESTED***

**GROUND EIGHT: Defense Counsel Rendered Ineffective Assistance For Failing To Argue The Armed Burglary Of Dwelling With A Firearm As Unlawful Based On Petitioner's Being Charged With Violating The Previous Statutory Language Of Section 810.02.** (Ground Eight was Ground Four of Petitioner's 3.850)

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner was charged in Count One with Armed Burglary of a Dwelling with a Firearm F.S. 810.02(2)(b). Notably, in the information, the State alleged that the Petitioner did unlawfully enter or remain in a structure to wit: a dwelling, or the cartilage thereof contrary to F.S. 810.o2 (2)(b).

Petitioner contends that the above statutory language "or remain in" does not apply to him because the language is only applicable to crimes of burglary committed on or before July 1, 2001. The offense of Armed Burglary the State alleged Petitioner committed occurred on July 29, 2012, well past July 1, 2001, and therefore established the Petitioner was indeed charged with what amounts to a non-existent crime under the facts of this case.

Alternatively, defense counsel rendered ineffective assistance for failing to object. The prejudice is readily apparent when considering that, under the facts of this case, Petitioner was charged with a non-existent crime. The State was provided a additional element of "remaining in" to support a finding of guilt, and the end result is total depravation of due process.

Had it not been for counsel deficient performance, there exists a reasonable probability that the outcome of the proceeding would have been different. The lower court would have dismissed the charge, or the issue would have been preserved for appellate review. Therefore, The State court's adjudication resulted in a decision that was contrary to and involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. Their decision was also based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

***THIS CLAIM WAS SUMMARILY DENIED IN STATE COURT EVIDENTIARY HEARING IS REQUESTED***

**GROUND NINE: Defense Counsel Rendered Ineffective Assistance By Failing To File A Motion To Dismiss The Information Due To Charging A Nonexistent Crime.** (Ground Nine was Ground Five of Petitioner's 3.850)

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner was charged in Count One with Armed Burglary of a Dwelling with a Firearm F.S. 810.02(2)(b). At the time the Petitioner was charged with both Counts of Attempted Felony Murder, there was no longer a crime of attempted felony murder in Florida. The date for the offense of attempted felony murder s did not come into effect in Florida until October 1, 2012.

Counsel was ineffective for failing to move for a dismissal of a nonexistent charge. There is a clear probability, but for counsel's deficient performance, the result of the proceedings would have been different. Therefore, The State court's adjudication resulted in a decision that was contrary to and involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. Their decision was also based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

***THIS CLAIM WAS SUMMARILY DENIED IN STATE COURT EVIDENTIARY HEARING IS REQUESTED***

**GROUND TEN:** Defense Counsel Rendered Ineffective Assistance By Failure To Request A Trespassing Instruction As A Permissive Lesser Included Offense. (Ground Ten was Ground Six of Petitioner's 3.850)

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner was originally charged with Count One Armed Burglary of a dwelling with a firearm. The victim Chester Joseph stated at trial that when he arrived at his dwelling on July 29, 2012, he discovered Petitioner sitting in a SUV in his driveway. The record that Mr. Joseph testified that Petitioner was only sitting in the SUV in the driveway when he arrived establishes the element of trespassing. The State failed to prove Petitioner entered the structure owned by Mr. Joseph and that at the time of entering the structure Petitioner had the intent to commit an offense in the structure. The victim's testimony also proves that a second suspect with dreads came running from the back yard and entered into the vehicle with Petitioner while shots were fired at him. Furthermore, the State has failed to meet all of the elements of armed burglary of a dwelling with a firearm and met the element of trespassing.

Trespass is a permissive lesser included offense of burglary and armed burglary of a dwelling with a firearm because armed burglary of a dwelling with a firearm contains all the elements of the crime of trespassing. The trial court was required to also give an instruction for trespassing as a permissive lesser included offense. However, due to counsel's not objecting to the trial court's error of failing to give the instruction for trespassing, and counsel neglect to request the lesser included offense of trespassing was ineffective assistance of counsel.

*Evidentiary hearing*:

On February 11, 2020, the lower court had an evidentiary hearing concerning this claim. During direct examination by Ms Drane Burdick of state witness Justin Bleakley, when asked if he recalled having any discussion with Petitioner about jury instructions; Mr. Justin Bleakley testified that he didn't specifically recall the conversation in Petitioner's case (Evidentiary Hearing Transcripts pg. 75). When asked was there a reason why he didn't request the lesser included offense Mr. Bleakley testified that from his recollection of the facts of the case, he didn't think a trespass fit. He was not arguing trespass. He was arguing that Mr. Joseph was making false statements about Petitioner who was an innocent party (Evidentiary Hearing Transcripts pg. 76). A trespass didn't fit with the defense. However, if Petitioner would have wanted it he would have requested it (Evidentiary Hearing Transcripts pg. 76), and argued for lessers (Evidentiary Hearing Transcripts pg. 85).

The Petitioner was not competent enough to ask or request a lesser included offense. Justin Bleakley testified that there was a lack of back and forth with the Petitioner and the Petitioner was not able to go in depth (Evidentiary Hearing Transcripts pg, 62, 81-83); and Petitioner had an inability to understand (Evidentiary Hearing Transcripts pg, 84).

It was counsel's responsibility to request a lesser included offense of trespassing instruction as a permissive lesser included offense. Failure to do so was ineffective and prejudicial.

Therefore, The State court's adjudication resulted in a decision that was contrary to and involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. Their decision was also based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*THIS CLAIM WAS SUMMARILY DENIED IN STATE COURT EVIDENTIARY HEARING IS REQUESTED.*

**GROUND ELEVEN:** Defense Counsel Rendered Ineffective Assistance For Failing To File A Motion To Suppress Identification Where The Photo Lineup Was Tainted And Highly Suggestive Towards Petitioner. (Ground Eleven was Ground Seven of Petitioner's 3.850)

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

In the case at bar on August 10, 2012, Chester Joseph viewed a second photo lineup with Petitioner seated in position two, but Joseph did not identify or recognize anyone.

A day later on August 11, 2012, Amon Mitchell was shown a lineup and he pointed to photo (5) which was identified as Petitioner. Mitchell expressed that he was one hundred percent sure Petitioner was the suspect in the passenger seat of the SUV.

On August 15, 2012, during Chester Joseph's interview with detectives, Amon Mitchell called Joseph and their conversation was placed on speaker phone and recorded by detectives. During their conversation, the two witnesses collaborated and discussed the photographic line up together.

On August 21, 2012, detective Delotte conducted another photographic line up with Joseph and he immediately pointed to the photograph in position two. During trial, Joseph testified that the photo lineups that he was shown were not identical, but defense counsel later learned that they were in fact identical to each other.

The suggestive conversation that Amon Mitchell had with Joseph to misidentify Petitioner as being the person to misidentify Petitioner as being the person driving the SUV that pointed a firearm at him and subsequently shot at him. Amon Mitchell suggestive conversation with Joseph about the lineup fostered an unjust result that tainted the identification that Joseph selected.

The audio video recording proved that during Joseph interview with detective that Mr. Walker stopped by and visited Joseph during the interview. The detectives used Walker to pressure Joseph by getting Walker to convince Joseph that the detectives were going to keep harassing him until he identifies a suspect in order to put a closure to the instant case. The record shows that detective Delotte knowingly and intentionally threaten and pressured Joseph into identifying Petitioner. (1) Amon Mitchell persuaded Joseph into the identification; (2) Detectives used Mr. Walker to pressure Joseph; (3) Detective used Mr. Walker to threaten Joseph; (4) Joseph and Mitchell discussed the lineup together; (5) the identification was tainted; (6) Joseph made a misidentification of Petitioner; and (7) the identification was highly suggestive towards Petitioner.

Therefore counsel was ineffective for failing file a motion to suppress the suggestive photo identification which was highly suggestive and tainted. This would have excluded all evidence of the suggestive photo array. It was also incumbent on the court to bar Chester Joseph's *in-court* identification as well, because there was no threshold level of reliability that could be established through evidence that is independent of the suggestive procedure.

The State court's adjudication resulted in a decision that was contrary to and involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. Their decision was also based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*THIS CLAIM WAS SUMMARILY DENIED IN STATE COURT EVIDENTIARY HEARING IS REQUESTED*

**GROUND TWELVE: Defense Counsel Rendered Ineffective Assistance By Failing To Call A Defense Witness That Would Have Cast Doubt On State's Case As Presented By The Witness Chester Joseph (Ground Twelve was Ground Eight of Petitioner's 3.850)**

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel was ineffective for failing to call Amon Mitchell and Mr. Walker as key witnesses for the defense. In the Petitioner's 3.850 motion the Petitioner alleged the (1) the identity of the potential witness; (2) the substance of the witness's testimony; (3) an explanation of how the omission of the testimony prejudiced the outcome of the case; and, (4) a representation that the witness was available for trial. (See Amended 3.850 motion for post conviction relief pg. 23-24) Both witnesses were crucial to Petitioner's trial, because the State mislead the jurors to believe that Joseph indentified Petitioner on his own without being coached or pressured by any one. However, the recorded speaker phone conversation proves Mitchell assisted Joseph in identifying Petitioner.

In the state's response to this claim the Petitioner's allegation s were not refuted. The state failed to address the issue in which the Petitioner raised, that Joseph was pressured and coached to make an identification of Petitioner.

Therefore, the State court's adjudication resulted in a decision that was contrary to and involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. Their decision was also based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*THIS CLAIM WAS SUMMARILY DENIED IN STATE COURT EVIDENTIARY HEARING IS REQUESTED*

**GROUND THIRTEEN: January 9, 2018 Ground (9) Defense Counsel Rendered Ineffective Assistance Where Counsel Failed To Argue In Closing That No Evidence Proved He Was In Actual Possession Of The Firearm.**

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

At trial the only evidence of a firearm ever being used by Petitioner in the commission of an offense was Chester Joseph testimony. Mr. Joseph stated at the bond hearing during deposition that he never saw a gun. He also stated that he saw a black male with dreads run from the back yard and get into the SUV while the shots were fired. There were four (4) 9mm shell casings and one (1) 9mm bullet found at the scene but no fingerprints matched Petitioner as being the possessor of the firearm that fired the shots.

The firearm, or other deadly weapon was not found upon Petitioner's arrest nor was there fingerprints or positive test results found from the shell casing or bullet to prove Petitioner possessed the firearm that was used in the offense.

During trial counsel failed to make an argument at closing that there was no sufficient evidence or proof that a firearm was used by Petitioner in the commission of the offense to support the charges. The only evidence of a firearm concerning when it related to possession by the Petitioner was mere speculation, which could not support a conviction. Petitioner avers that had counsel presented such an argument to the jury at closing, there exist a reasonable probability that the jury would have found reasonable doubt and the State would have been compelled to drop the charges or settle for a conviction for a lesser included offense.

The State court's adjudication resulted in a decision that was contrary to and involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. Their decision was also based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*THIS CLAIM WAS SUMMARILY DENIED IN STATE COURT EVIDENTIARY HEARING IS REQUESTED*

**GROUND FOURTEEN: January 9, 2018 Ground (10) Defense Counsel Rendered Ineffective Assistance Where Failed To Argue On Judgment Of Acquittal That The State's Evidence Was Insufficient Absent An Improper Pyramiding Of The Evidence. (Ground Fifteen was Ground Ten of Petitioner's January 9, 2018, 3.850)**

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

At trial, the only evidence of a firearm ever being used by Petitioner in the commission of an offense was Chester Joseph's testimony. However, at the bond hearing Mr. Joseph expressed during deposition that he never saw a gun. He also failed to identify Petitioner several times from a six photographic lineup. There were four (4) 9mm shell casings and one (1) 9mm bullet found at the scene but no fingerprints lead back to Petitioner. Petitioner now contends that the State has only established evidence in this case based on improper pyramiding evidence. Petitioner further avers that where the evidence creates only a strong suspicion of guilt or simply a probability of guilt, the evidence is insufficient to sustain a conviction.

13

Consequently, defense counsel rendered ineffective assistance in failing to argue this issue in support of JOA. Counsel deficient performance prejudice Petitioner by denying him his substantive and procedural right to have the charge dismissed based on insufficient evidence.

The State court's adjudication resulted in a decision that was contrary to and involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. Their decision was also based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

**GROUND FIFTEEN:** January 9, 2018 Ground (11) Defense Counsel Rendered Ineffective Assistance Where The Cumulative Effect Of Counsel's Errors Deprived Petitioner Of A Fair Trial And His Conviction And Sentence Were Obtained In Violation Of The Sixth And Fourteenth Amendments To The United States Constitution As Well As Article I, Section Nine And Sixteen Of The Florida Constitution. (Ground Thirteen was Ground Nine of Petitioner's 3.850)

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner asserts that trial counsel's errors cumulatively prejudiced the outcome of his trial. Petitioner contends that each of trial counsel's errors and omissions, standing alone, are sufficient to warrant relief in this case. However, when taken in the aggregate these errors demonstrate that Petitioner has been deprived of the effective assistance of counsel guaranteed by the State and federal constitutions.

These errors and others complained of *supra* created a cumulative effect, which this court should assess when conducting the prejudice prong analysis of *Strickland.* In combination, all of the above errors by counsel deprived the Petitioner of a just and fair trial in this case.

13. If any of the grounds listed in 12A, B, C, D, E, F, and G were not previously presented in any court, state or federal, state *briefly* what ground were not so presented, and give your reasons for not presenting them: All the issues before this court are properly exhausted in the State courts.

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes [ ] No [XX]

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? Yes [ ] No [XX]

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

At preliminary hearing:  Justin Bleakley

At arraignment and plea:  Justin Bleakley

(c) At trial: Justin Bleakley

(d) At sentencing:  Justin Bleakley

(e) On appeal:  James S Purdy

(f) In any post-conviction proceeding Petitioner Pro-se

(g) On appeal from any ruling against you in a post-conviction proceeding:  Andrew Mich

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes [ ] No [XX]

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: N/A

(b) Give the date the other sentence was imposed: N/A

(c) Give the length of the other sentence: N/A.

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? Yes [ ] No [XX]

Wherefore, petitioner asks that the Court grant the following relief: Reverse and remand the judgment and sentences for a new trial, or an evidentiary hearing, or any other relief to which may be appropriate, and to dispose of the matter as law and justice require.

## OATH

I declare under penalty of perjury that the foregoing is true and correct. Executed on

1/14/2022

Executed (date).

Tyrone Mosby

Signature of Petitioner

GROUND ONE *Thompson v. State*, 88 So. 3d 312, 316 (Fla. 4th DCA2012) *Futch v. Dugger*, 874 F.2d 1483 (11th Cir. 1989), which states, "In order to demonstrate prejudice from counsel's failure to investigate his competency, a petitioner has to show that there exists '*at least* a reasonable probability that

15